**UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| MICHAEL T. SHERIDAN,<br><br>    Plaintiff,<br><br>    v.<br><br>NEW YORK LIFE INVESTMENT MANAGEMENT, LLC, and CHRIS FIACCO, individually,<br><br>    Defendants. | Civil Action No. 09-cv-04746 (GEL)<br><br>**ANSWER AND AFFIRMATIVE DEFENSES TO AMENDED COMPLAINT**<br><br>**Document Filed Electronically** |

Defendants New York Life Investment Management, LLC, ("NYLIM") and Chris Fiacco ("Mr. Fiacco") (collectively "Defendants"), by and through their undersigned counsel, hereby answer the allegations of the Plaintiff Michael T. Sheridan's ("Plaintiff") Amended Complaint in the above-captioned matter in accordance with the numbered paragraphs thereof as follows:

## NATURE OF ACTION

1.    Defendants admit that Plaintiff purports to bring this action under the Age Discrimination in Employment Act, 29 U.S.C. § 621, et seq., as amended ("ADEA"), but deny that Plaintiff is entitled to any relief under the ADEA.  Defendants further admit that, according to NYLIM's records, Plaintiff is over 40 years of age.  Defendants deny the remaining allegations contained in paragraph 1 of the Amended Complaint.

2.    Defendants admit that Plaintiff purports to bring this action under the New York State Human Rights Law, Executive Law § 290 et seq. ("NYSHRL") and the Administrative Code of the City of New York, § 8-101 et seq. ("NYCHRL") but deny that Plaintiff is entitled to relief under the NYSHRL or NYCHRL.  Defendants further admit that, according to NYLIM's

records, Plaintiff is over 40 years of age.  Defendants deny the remaining allegations contained in paragraph 2 of the Amended Complaint.

3.    Defendants admit that Plaintiff purports to bring this action seeking damages but deny that Plaintiff is entitled to relief on his claims.  Defendants deny the remaining allegations contained in paragraph 3 of the Amended Complaint.

4.    Defendants admit that Plaintiff purports to bring this action seeking damages but deny that Plaintiff is entitled to relief on his claims.  Defendants deny the remaining allegations contained in paragraph 4 of the Amended Complaint.

5.    Defendants admit that Plaintiff purports to bring this action seeking damages but deny that Plaintiff is entitled to relief on his claims.  Defendants deny the remaining allegations contained in paragraph 5 of the Amended Complaint.

6.    Defendants admit that Plaintiff filed a Charge with the Equal Employment Opportunity Commission ("EEOC") on or about February 25, 2008.  Defendants deny the remaining allegations contained in paragraph 6 of the Amended Complaint.

7.    Admitted.

## JURISDICTION AND VENUE

8.    The allegations contained in paragraph 8 of the Amended Complaint constitute conclusions of law to which no responsive pleading is required.

9.    The allegations contained in paragraph 9 of the Amended Complaint constitute conclusions of law to which no responsive pleading is required.

10.    The allegations contained in paragraph 10 of the Amended Complaint constitute conclusions of law to which no responsive pleading is required.  To the extent responsive

pleading is required, Defendants admit that Plaintiff was employed in this judicial district, but deny the allegations contained in paragraph 10 of the Amended Complaint.

## FACTS COMMON TO ALL COUNTS

11.    Defendants admit that NYLIM's records reflect a last known address for Plaintiff at 133 Bellair Drive, Dobbs Ferry, New York 10522, which is located in Westchester County, New York.  Defendants deny the remaining allegations contained in paragraph 11 of the Amended Complaint.

12.    The allegations contained in paragraph 12 of the Amended Complaint constitute conclusions of law to which no responsive pleading is required.

13.    Defendants admit that NYLIM does business in the State of New York and that it operates an office located at the address stated in paragraph 13 of the Amended Complaint. Defendants deny the remaining allegations contained in paragraph 13 of the Amended Complaint.

14.    The allegations contained in paragraph 14 of the Amended Complaint constitute conclusions of law to which no responsive pleading is required.

15.    Admitted.

16.    Defendants admit that Mr. Fiacco became Plaintiff's supervisor on November 1, 2006.  Defendants deny the remaining allegations contained in paragraph 16 of the Amended Complaint.

17.    Denied.

18.    Defendants admit that Plaintiff worked for NYLIM as a mutual funds wholesaler. The allegations that Plaintiff was "accomplished," "competent," and "well-credentialed" are vague and undefined, and thus, Defendants deny these allegations.

19.    Defendants admit that, according to NYLIM's records, Plaintiff's date of birth is September 1, 1960.  Defendants deny the remaining allegations contained in paragraph 19 of the Amended Complaint.

20.    Defendants admit that Plaintiff began working for NYLIM on or about May 15, 1989.  Defendants deny the remaining allegations contained in paragraph 20 of the Amended Complaint.

21.    Admitted.

22.    Defendants admit that Plaintiff began working for NYLIM as a mutual fund wholesaler in January 1995.  Defendants deny the remaining allegations contained in paragraph 22 of the Amended Complaint.

23.    Admitted.

24.    Denied.

25.    Defendants admit that Plaintiff was a Sales Focus Winner for the 4th Quarter 2006.  Defendants deny the remaining allegations contained in paragraph 25 of the Amended Complaint.

26.    Denied.

27.    Defendants admit that Plaintiff received performance reviews throughout the course of his employment at NYLIM.  The allegation that such performance reviews were "consistently positive" is vague and undefined, and thus, Defendant denies this allegation.  Defendants deny the remaining allegations contained in paragraph 27 of the Amended Complaint.

28.    Defendants admit that Chris Parisi, Plaintiff's former manager, provided him with a Performance Appraisal on or about February 23, 2007.  The performance review is a written

document, the terms of which speak for themselves. To the extent that Plaintiff characterizes the performance review as "positive," such term is vague and undefined, and thus, Defendants deny this allegation.

29.     Defendants admit that Mr. Fiacco became Plaintiff's supervisor on or about November 1, 2006. Defendants deny the remaining allegations contained in paragraph 29 of the Amended Complaint.

30.     Defendants admit that Mr. Fiacco became Plaintiff's supervisor on or about November 1, 2006. Defendants deny the remaining allegations contained in paragraph 30 of the Amended Complaint.

31.     Denied.

32.     Denied.

33.     To the extent the allegations of paragraph 33 of the Amended Complaint purport to characterize the terms of a written document, which terms speak for itself, Defendants deny such allegations to the extent they differ from or do not incorporate the entire written document. Defendants deny the remaining allegations contained in paragraph 33 of the Amended Complaint.

34.     Denied.

35.     Defendants admit that Plaintiff telephoned Mr. Fiacco on February 15, 2007. Defendants deny the remaining allegations contained in paragraph 35 of the Amended Complaint.

36.     Defendants lack information or knowledge sufficient to admit or deny the allegations contained in paragraph 36 of the Amended Complaint as to whether Plaintiff was

"disappointed" or "frustrated," and thus, these allegations are denied. Defendants deny the remaining allegations contained in paragraph 36 of the Amended Complaint.

37.     Denied.

38.     Defendants lack information or knowledge sufficient to admit or deny the allegations contained in paragraph 38 of the Amended Complaint as to what Plaintiff "knew" or believed, and thus, Defendants deny these allegations. Defendants deny the remaining allegations contained in paragraph 38 of the Amended Complaint.

39.     Denied.

40.     Defendants admit that Mr. Parisi provided Plaintiff with a 2006 performance review on February 23, 2007. The performance review is a written document, the terms of which speak for themselves. To the extent that Plaintiff characterizes the performance review as "positive," such term is vague and undefined, and thus, Defendants deny this allegation.

41.     Defendants lack information or knowledge sufficient to admit or deny the allegations contained in paragraph 41 of the Amended Complaint as to Plaintiff's concerns or beliefs, and thus, Defendants deny these allegations. Defendants deny the remaining allegations contained in paragraph 41 of the Amended Complaint.

42.     Defendants lack information or knowledge sufficient to admit or deny the allegations contained in paragraph 42 of the Amended Complaint, and thus, Defendants deny these allegations.

43.     Denied.

44.     Defendants admit that Plaintiff failed to provide guidance and leadership to two internal wholesalers at a sales meeting on or about April 2007. Defendants deny the remaining allegations contained in paragraph 44 of the Amended Complaint.

45.    Defendants lack information or knowledge sufficient to admit or deny the allegations contained in paragraph 45 of the Amended Complaint as to whether Plaintiff was "embarrassed" and as to whether Plaintiff telephoned the client who hosted the previous nights' meeting, and thus, these allegations are denied. Defendants deny the remaining allegations contained in paragraph 45 of the Amended Complaint.

46.    Defendants admit that Joe McQuade is a wholesaler and that his sales territory covered at least a portion of three different states. Defendants deny the remaining allegations contained in paragraph 46 of the Amended Complaint.

47.    Defendants admit that Mr. Fiacco had a conversation with Plaintiff on or about May 30, 2007. Defendants deny the remaining allegations contained in paragraph 47 of the Amended Complaint.

48.    Defendants lack information or knowledge sufficient to admit or deny the allegation contained in paragraph 48 of the Amended Complaint as to whether Plaintiff was "puzzled," and thus, Defendants deny this allegation. Defendants deny the remaining allegations contained in paragraph 48 of the Amended Complaint.

49.    Denied.

50.    Denied.

51.    Defendants admit that Mr. Fiacco requested copies of statements from Plaintiff's EZ Pass account. Defendants deny the remaining allegations contained in paragraph 51 of the Amended Complaint.

52.    Denied.

53.     Defendants lack information or knowledge sufficient to admit or deny the allegations contained in paragraph 53 of the Amended Complaint, and thus, Defendants deny these allegations.

54.     Denied.

55.     Denied.

56.     Defendants admit that Plaintiff received a "Memo of Understanding" dated June 1, 2007.  The "Memo of Understanding" is a written document, the terms of which speak for themselves.  Defendants deny the allegations contained in paragraph 56 of the Complaint to the extent they differ from or do not incorporate the entire written document.  Defendants deny the remaining allegations contained in paragraph 56 of the Amended Complaint.

57.     Defendants admit that Plaintiff spoke with Alan Dowiak in Human Resources concerning his Memorandum of Understanding.  Defendants deny the remaining allegations contained in paragraph 57 of the Amended Complaint.

58.     Defendants admit that Plaintiff spoke with Alan Dowiak in Human Resources concerning his Memorandum of Understanding.  Defendants deny the remaining allegations contained in paragraph 58 of the Amended Complaint.

59.     Defendants admit that Plaintiff spoke with Alan Dowiak in Human Resources concerning his Memorandum of Understanding.  Defendants deny the remaining allegations contained in paragraph 59 of the Amended Complaint.

60.     Defendants admit that Plaintiff submitted a letter in response to the "Memo of Understanding" dated June 17, 2007.  The letter is a written document, the terms of which speak for themselves.  Defendants deny the allegations contained in paragraph 60 of the Amended Complaint to the extent they differ from or do not incorporate the entire written document.

61.     The allegations contained in paragraph 61 of the Amended Complaint purport to characterize the terms of a written document, which terms speak for themselves.  Defendants deny the allegations contained in paragraph 61 of the Amended Complaint to the extent they differ from or do not incorporate the entire written document.

62.     The allegations contained in paragraph 62 of the Amended Complaint purport to characterize the terms of a written document, which terms speak for themselves.  Defendants deny the allegations contained in paragraph 62 of the Amended Complaint to the extent they differ from or do not incorporate the entire written document.

63.     The allegations contained in paragraph 63 of the Amended Complaint purport to characterize the terms of a written document, which terms speak for themselves.  Defendants deny the allegations contained in paragraph 63 of the Amended Complaint to the extent they differ from or do not incorporate the entire written document.

64.     The allegations contained in paragraph 64 of the Amended Complaint purport to characterize the terms of a written document, which terms speak for themselves.  Defendants deny the allegations contained in paragraph 64 of the Amended Complaint to the extent they differ from or do not incorporate the entire written document.

65.     Denied.

66.     Defendants admit that Mr. Dowiak provided Plaintiff with a written document dated July 27, 2007 confirming Plaintiff's resignation.  The remaining allegations contained in paragraph 66 of the Amended Complaint purport to characterize the terms of a written document, which terms speak for themselves.  Defendants deny the allegations contained in paragraph 66 of the Amended Complaint to the extent they differ from or do not incorporate the entire written document.

67.     The allegations contained in paragraph 67 of the Amended Complaint purport to characterize the terms of a written document, which terms speak for themselves.  Defendants deny the allegations contained in paragraph 67 of the Amended Complaint to the extent they differ from or do not incorporate the entire written document.

68.     Denied.

69.     Denied.

70.     Defendants lack information or knowledge sufficient to admit or deny the allegations contained in paragraph 70 of the Amended Complaint, and thus, Defendants deny these allegations.

## CLAIMS AND DAMAGES

71.     Defendants admit that Plaintiff makes legal claims against Defendants, but deny the Plaintiff is entitled to relief on his claims.  Defendants incorporate by reference as if fully stated herein their answers to paragraphs 1-70 of the Amended Complaint.

## COUNT ONE

72.     Defendants incorporate by reference as if fully stated herein their answers to paragraphs 1-71 of the Amended Complaint.

73.     Defendants admit that NYLIM's records reflect that Plaintiff is over 40 years of age.  Defendants deny the remaining allegations contained in paragraph 73 of the Amended Complaint.

74.     Denied.

75.     Denied.

76.     Denied.

77.     Denied.

78.    Denied.

79.    Denied.

80.    Denied.

81.    Denied.

82.    Denied.

83.    Denied.

## COUNT TWO

84.    Defendants incorporate by reference as if fully stated herein their answers to paragraphs 1-83 of the Amended Complaint.

85.    Defendants admit that NYLIM's records reflect that Plaintiff is over 40 years of age.  Defendants deny the remaining allegations contained in paragraph 85 of the Amended Complaint.

86.    Defendants admit that NYLIM's records reflect that Plaintiff is over 40 years of age.  Defendants deny the remaining allegations contained in paragraph 86 of the Amended Complaint.

87.    Denied.

88.    Denied.

89.    Denied.

90.    Denied.

91.    Denied.

92.    Denied.

93.    Denied.

## COUNT THREE

94.     Defendants incorporate by reference as if fully stated herein their answers to paragraphs 1-93 of the Amended Complaint.

95.     Defendants admit that NYLIM's records reflect that Plaintiff is over 40 years of age.  Defendants deny the remaining allegations contained in paragraph 95 of the Amended Complaint.

96.     Defendants admit that NYLIM's records reflect that Plaintiff is over 40 years of age.  Defendants deny the remaining allegations contained in paragraph 96 of the Amended Complaint.

97.     Denied.

98.     Denied.

99.     Denied.

100.    Denied.

101.    Denied.

102.    Denied.

103.    Denied.

## COUNT FOUR

104.    Defendants incorporate by reference as if fully stated herein their answers to paragraphs 1-103 of the Amended Complaint.

105.    Denied.

106.    Denied.

107.    Denied.

## COUNT FIVE

108.    Defendants incorporate by reference as if fully stated herein their answers to paragraphs 1-107 of the Amended Complaint.

109.    Denied.

110.    Denied.

111.    Denied.

## COUNT SIX

112.    Defendants incorporate by reference as if fully stated herein their answers to paragraphs 1-111 of the Amended Complaint.

113.    Denied.

114.    Denied.

115.    Denied.

116.    Denied.

117.    Denied.

118.    Denied.

## COUNT SEVEN

119.    Defendants incorporate by reference as if fully stated herein their answers to paragraphs 1-118 of the Amended Complaint.

120.    Denied.

121.    Denied.

122.    Denied.

123.    Denied.

124.    Denied.

125.    Denied.

## COUNT EIGHT

126.    Defendants incorporate by reference as if fully stated herein their answers to paragraphs 1-125 of the Amended Complaint.

127.    Denied.

128.    Denied.

129.    Denied.

130.    Denied.

131.    Denied.

132.    Denied.

## COUNT NINE

133.    Defendants incorporate by reference as if fully stated herein their answers to paragraphs 1-132 of the Amended Complaint.

134.    Denied.

135.    Denied.

136.    Denied.

137.    Denied.

## COUNT TEN

138.    Defendants incorporate by reference as if fully stated herein their answers to paragraphs 1-137 of the Amended Complaint.

139.    Denied.

140.    Denied.

141.    Denied.

## ATTORNEY'S FEES AND COSTS

142.    Denied.

## PUNITIVE DAMAGES – BAD FAITH

143.    To the extent that the allegations contained in paragraph 143 of the Amended Complaint state conclusions of law, no responsive pleading is required.  Defendants deny the remaining allegations contained in paragraph 143 of the Amended Complaint.  Defendants further deny that Plaintiff is entitled to the relief stated in the "Request for Relief" paragraph following paragraph 143 of the Amended Complaint.

## AFFIRMATIVE DEFENSES

1.    The claims of Plaintiff are barred, in part, by the applicable statute of limitations.

2.    Plaintiff's claims for relief may be diminished and/or barred, in whole or in part, to the extent that he failed to mitigate his purported damages.

3.    Plaintiff's claims are barred to the extent that such claims are based on events that are outside the scope of Plaintiff's administrative charge.

4.    Plaintiff unreasonably failed to take advantage on a timely basis of any preventative or corrective safeguards provided by Defendants or otherwise to avoid harm.

5.    Defendants at all relevant times herein, took all appropriate actions to prevent any discriminatory conduct from occurring, thereby satisfying all legal obligations owed to Plaintiff, if any at all.

6.    Plaintiff's age and/or any impermissible factor played no role in the employment decisions relating to Plaintiff.  Regardless, the same decisions would have been reached for legitimate nondiscriminatory reasons.

7.    Defendants, at all times, made a good faith effort to comply with all applicable statutes and laws, and therefore, Plaintiff cannot recover punitive damages.

8.    Plaintiff cannot recover punitive damages or attorneys' fees under the New York States Human Rights Law.

9.    Defendants have established and complied with policies, programs and procedures for the prevention and detection of unlawful discriminatory practices by employees; and have a record of no, or relatively few, prior incidents of discriminatory conduct.

WHEREFORE, Defendants pray for judgment as follows:

1.  that judgment be entered against Plaintiff and in favor of Defendants;

2.  that Defendants be awarded attorneys' fees and costs incurred herein; and

3.  that the Court award Defendants other and further relief as the Court may deem just and proper.

Dated: August 14, 2009

Respectfully submitted,

MORGAN, LEWIS & BOCKIUS LLP

By: s/ Amanda N. Slatin
    Amanda N. Slatin, Esq. (AS-5070)
    101 Park Avenue
    New York, New York 10178
    Phone: (212) 309-6024
    Fax:  (212) 309-6001
    aslatin@morganlewis.com

    Michael L. Banks, Esq.*
    Courtney A. Wirth, Esq.*
    MORGAN, LEWIS & BOCKIUS, LLP
    1701 Market Street
    Philadelphia, Pennsylvania 19103
    Phone:  (215) 963-5387/5975
    Fax:  (215) 963-5001
    mbanks@morganlewis.com
    cwirth@morganlewis.com
    *pro hac vice motion to be filed